LEO JACKSON, demandante y apelante, *v.* ERCILIO TORRES ET ALS., demandados y apelados.

No. 5520.—*Sometido:* Junio 4, 1931. *Resuelto:* Julio 29, 1932.

*Alberto S. Poventud,* abogado del apelante; *Leopoldo Tormes,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Esta es una acción para abatir un estorbo consistente en el hecho de que los demandados en terrenos conti-

guos a la casa ocupada por el demandante habían fabricado pequeñas casas con letrinas que debido a la forma en que las mismas estaban construídas permitían que las inmundicias discurrieran hacia la casa del demandante y que produjeran olores desagradables. La contestación negó en efecto la existencia del estorbo y la corte, después de un juicio, si bien resolvió que existían condiciones antisanitarias, llegó a la conclusión, entre otras cosas, de que no se había probado el estorbo. Para sostener su conclusión la corte hizo una inspección ocular del lugar tanto por la tarde como por la noche y en su acta de inspección dijo que no se podía notar ningún olor, aunque las condiciones eran favorables para percibirlo, de existir, y que, además, no había indicios de que el agua discurriera en dirección a la casa del demandante. Esta conclusión de hechos justificaría la confirmación de la sentencia a menos que el apelante demostrara claramente algún error en la apreciación de la prueba.

El demandante en realidad trató de demostrar que la inspección ocular fué hecha a una hora en que los demandados, sabiendo que la misma se iba a efectuar, fueron apresuradamente a los terrenos contiguos a la casa del demandante e hicieron una limpieza general de los alrededores, usando creolina. La corte no estaba obligada a creer esta prueba de una casi conspiración, y no la creyó. El apelante no nos convence con estos otros argumentos de que la corte cometiera error en la apreciación de la prueba. Esto resuelve los señalamientos de error cuarto y quinto.

La corte no basó su opinión y sentencia en el hecho de que se trataba de un caso de fuerza mayor toda vez que los demandados habían establecido allí sus residencias con motivo del ciclón de San Felipe. Sin embargo, esta situación hasta cierto punto explicaría el proceder del municipio para dejar de cumplir con una orden de las autoridades sanitarias que exigía que los demandados clausuraran las letrinas. El Dr. Goyco explicó que la orden fué dejada en suspenso de

acuerdo con instrucciones recibidas del alcalde. La corte no basó su sentencia en el hecho de que los demandados eran gente pobre.

El apelante dió mucho énfasis al hecho de que las autoridades sanitarias habían ordenado que estas letrinas fuesen trasladadas o clausuradas. Esta orden por sí sola no tendería .a probar el caso del demandante. A pesar de ello, él estaba obligado a probar, mediante preponderancia de prueba, los hechos alegados en su demanda.

La corte no hizo que su sentencia dependiera del hecho de que los dueños del terreno no hubieran tomado acción alguna contra los demandados y el tercer error señalado carece, por tanto, de importancia. La corte tampoco hizo que su sentencia dependiera del hecho de que eran más bien el municipio o la Sanidad quienes debían actuar para poner coto al supuesto estorbo.

La cuestión principal que la corte resolvió, aparentemente con entera justificación, fué que no se había probado un verdadero caso de estorbo. En verdad las casas no estaban tan cerca de la residencia del demandante como se desprende de la demanda. Había otro número de casas enclavadas en el terreno de donde se alegaba surgía el estorbo.

Los apelados sostienen que las condiciones de que se queja el demandante, de ser algo, participaban de la naturaleza de un estorbo público y que el demandante no probó tales daños especiales a sí mismo que justifiquen una acción privada para abatir un estorbo. Hay mérito en esta contención pero no es necesario que basemos nuestra sentencia en ella.

*Debe confirmarse la sentencia.*

El Juez Asociado Señor Córdova Dávila no intervino.